UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. DESIDERIO, J.R., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : NO. 02-CV-4677 |
| WINNEBAGO INDUSTRIES; FREIGHTLINER CUSTOM CHASSIS; FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.; CATERPILLAR INC. ENGINE DIVISION; ALLISON TRANSMISSION; MEYERS CAMPERS, | : : : : : : FILED JAN 2 2 2003 |
| Defendants. | : |

**ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND OF CATERPILLAR INC.**

Defendant Caterpillar Inc., improperly identified as Caterpillar Inc. Engine Division ("Caterpillar Defendant"), hereby answers the Complaint of Plaintiff, James M. Desiderio, Jr., as follows:

1.  Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and leaves plaintiff to his proofs.

2.  The allegations in paragraph 2 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given.

3.  The allegations in paragraph 3 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given.

4.  The allegations in paragraph 4 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given.

5.  Caterpillar Defendant admits that it is a corporation and/or business entity of the State of Illinois with its principal place of business located at 100 N.E. Adams Street, Peoria, IL 61629. Caterpillar Defendant further admits that it conducts business in the Commonwealth of Pennsylvania.

6.  The allegations in paragraph 6 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given.

7.  The allegations in paragraph 7 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given.

8.  Paragraph 8 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading. To the extent that a response is deemed necessary, it is denied that the amount in controversy requirement under 28 U.S.C. § 1332 is $50,000. Rather, Section 1332(a) requires that the amount in controversy be in excess of $75,000.

9.  Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and leaves plaintiff to his proofs.

10. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and leaves plaintiff to his proofs.

11. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and leaves plaintiff to his proofs.

12. The allegations in paragraph 12 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent a response is required, it is denied that Caterpillar Defendant issued any warranties, guarantees, affirmations or undertakings in consideration for Plaintiff's purchase of the motor home in question.

13. The allegations in paragraph 13 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent a response is required, it is denied that there was a "bargain" between Caterpillar and Defendant. It is further denied that Caterpillar issued any warranties, guarantees, affirmations or undertakings as the basis for this alleged "bargain".

14. The allegations in paragraph 14 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent a response is required, it is denied that there was a "bargain" between Caterpillar and Defendant. It is further denied that Caterpillar issued an express warranty to Plaintiff. Except as specifically stated herein, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

15. The allegations in paragraph 15 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

18. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and leaves plaintiff to his proofs.

3

19. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and leaves plaintiff to his proofs.

20. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and leaves plaintiff to his proofs.

21. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and leaves plaintiff to his proofs.

22. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and leaves plaintiff to his proofs.

23. The allegations in paragraph 23 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and leaves plaintiff to his proofs.

24. The allegations in paragraph 24 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and leaves plaintiff to his proofs.

25. The allegations in paragraph 25 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and leaves plaintiff to his proofs.

## COUNT II
## MAGNUSON-MOSS FEDERAL TRADE COMMISSION IMPROVEMENT ACT

26. This Defendant incorporates herein by reference its responses to paragraphs 1 through 25 inclusive, as if the same were set forth at length.

27. Paragraph 27 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

28. Paragraph 28 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

29. Paragraph 29 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

30. The allegations in paragraph 30 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and leaves plaintiff to his proofs.

31. Paragraph 31 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

32. Paragraph 32 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

33. The allegations in paragraph 33 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and leaves plaintiff to his proofs.

34. Caterpillar Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and leaves plaintiff to his proofs.

35. The allegations in paragraph 35 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 35 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

36. The allegations in paragraph 36 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 36 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

**WHEREFORE**, Caterpillar Inc. demands judgment (a) in its favor and against Plaintiff; (b) dismissing Plaintiff's Complaint as to Caterpillar Inc. with prejudice; (c) awarding attorneys' fees and costs; and (d) granting such other further relief as this Court deems just, necessary and proper.

## COUNT IV
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

37. This Defendant incorporates herein by reference its responses to paragraphs 1 through 36 inclusive, as if the same were set forth at length.

38. Paragraph 38 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

39. Paragraph 39 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

40. Paragraph 40 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

41. Paragraph 41 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

42. The allegations in paragraph 42 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 42 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

43. The allegations in paragraph 43 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 43 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

44. The allegations in paragraph 44 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 44 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

45. The allegations in paragraph 45 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 45 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

46. The allegations in paragraph 46 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 46 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

47. Paragraph 47 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

48. The allegations in paragraph 48 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 48 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

49. The allegations in paragraph 49 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 49 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

50. The allegations in paragraph 50 refer to a party other than Caterpillar, therefore, no response from Caterpillar is required and none is given. To the extent that a response from Caterpillar is deemed to be required, Paragraph 50 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

51. Paragraph 51 of the Complaint sets forth averments constituting conclusions of law that do not require a responsive pleading.

**WHEREFORE**, Caterpillar Inc. demands judgment (a) in its favor and against Plaintiff; (b) dismissing Plaintiff's Complaint as to Caterpillar Inc. with prejudice; (c) awarding attorneys' fees and costs; and (d) granting such other further relief as this Court deems just, necessary and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against this defendant.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the negligence of plaintiff or the negligence of some third party over whom this defendant exercised no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of estoppel, laches and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, or the damages recoverable by plaintiff are limited, due to plaintiff's failure to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to satisfy the conditions required to obtain and/or maintain warranty coverage.

**EIGHTH AFFIRMATIVE DEFENSE**

This defendant breached no warranty to plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

This defendant breached no duty owed to plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against this defendant under the Magnuson-Moss Act fail because plaintiff fails to meet the requirements for recovery under the act, including but not limited to, the requirements set forth in Section 2301(1), 2301(3), 2301(4), 2301(5), 2301(6), 2301(9), Section 2302, Section 2303, Section 2304, Section 2304(a), Section 2304(c), Section 2305, Section 2306, Section 2307, Section 2308, Section 2309, Section 2310, Section 2310(c), Section 2310(d), Section 2310(f), Section 2311, Section 2312, and the interpretations and regulations issued by the Federal Trade Commission pursuant to the Magnuson-Moss Warranty Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), fail due to plaintiff's failure to meet the requirements for recovery under the Law.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged defect and/or condition does not substantially impair the use, value or safety of the subject product.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defect and/or condition alleged is the result of abuse, neglect or unauthorized modification or alteration of the subject product.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not permitted a reasonable opportunity to correct or repair the alleged defect in the subject product.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defect and/or condition alleged was excluded from warranty coverage.

## SIXTEENTH AFFIRMATIVE DEFENSE

The product manufactured by Caterpillar was substantially modified by other parties over whom Caterpillar had no control thereby discharging Caterpillar of any liability for the performance of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The product(s) manufactured by Caterpillar was not installed in accord with instructions and directives provided by Caterpillar thereby discharging Caterpillar of any liability for the performance of the product(s) attributable to the improper installation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The product(s) manufactured by Caterpillar was not maintained in accord with instructions and directives provided by Caterpillar thereby discharging Caterpillar of any liability for the performance of the product(s) attributable to the improper maintenance.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's implied warranty claims are barred by the express disclaimer of such warranties contained in the express warranty provided by Caterpillar.

### DEFENSES RESERVED

Caterpillar Inc. hereby gives Notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves its right to amend its Answer and to assert any such defense.

### DEMAND FOR JURY TRIAL

Caterpillar Inc. requests a jury trial.

By: _____
MICHAEL B. PULLANO
JAMES H. KEALE, of Counsel
Attorneys for Defendant, Caterpillar Inc.

Dated: January 22, 2003

## CERTIFICATE OF SERVICE

I, Michael B. Pullano, hereby certify that on this day, a true and correct copy the within Answer, Affirmative Defenses, and Jury Demand of Caterpillar Inc. was served, via first-class mail, to the following:

> Craig Thor Kimmel, Esquire
> Kimmel & Silverman, PC
> 30 East Butler Pike
> Ambler, Pa. 19002
>
> W. Bourne Ruthrauff, Esquire
> Bennett Bricklin & Saltzburg, LLP
> 1601 Market Street, 16th Floor
> Philadelphia, Pa. 19103

                                                          _/s/ Michael B. Pullano_
                                                          Michael B. Pullano

Dated: 1/22/03

PH1: 120468.01

## CASE STATUS REPORT

Civil Action No.: **02-CV-4677**                                   Jury ( **X** )
          Non-Jury (_____)

Caption of Case: **James M. Desiderio, Jr. v. Winnebago Industries, et al**

Date Service of Process Made: **On or about November 20, 2002.**

Name of Trial Counsel: **Michael B. Pullano**

Representing: **Caterpillar Inc.**

Law Firm: **McCarter & English, LLP**

Address: **1735 Market Street, Philadelphia, Pennsylvania 19103**

Telephone No.: **215-979-3862**

1. This case has been/should be consolidated with Civil Action No.(s): **N/A.**

2. If this case should be consolidated with another civil action, state the reason why it should be consolidated. **N/A**

3. By what date can discovery be completed? **July 1, 2003**

4. Do you anticipate using any expert witnesses? **Yes**

5. By what date will this case be ready for trial? **July 1, 2003**

6. What is the total time necessary to present your case? **2 – 3 days**

7. What portion of this is liability? **50%**     Damages? **50%**

8. What is your estimate of the total time required for the entire trial? **5 days**

9. Would an early settlement conference be helpful in effecting a settlement of this case?
   Yes ( **X** )      No (_____)

10. If the answer is "yes," when would be the most appropriate time for such a conference?
    **At conclusion of discovery.**

11. Do you have any special comment to make or special issue or problem to raise concerning the case? If so, please use the reverse side.

--------------------------------------------------------------------------------

12. THE FOLLOWING CERTIFICATION <u>MUST</u> BE EXECUTED BY COUNSEL:

    I HEREBY CERTIFY THAT PRIOR TO SUBMITTING THIS FORM I <u>ATTEMPTED TO SPEAK</u> WITH COUNSEL FOR PLAINTIFF AND DID SPEAK TO COUNSEL FOR DEFENDANT CUSTOM FREIGHTLINER CUSTOM CHASSIS AND CAREFULLY EXPLORED SETTLEMENT OF THIS ACTION.

_____                             _____January 24, 2003_____
Counsel for Defendant, Caterpillar Inc.                           Date