**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES M. DESIDERIO, JR., | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| | : | **NO. 02-CV-4677** |
| v. | : | |
| | : | |
| WINNEBAGO INDUSTRIES; | : | |
| FREIGHTLINER CUSTOM CHASSIS; | : | |
| FREIGHTLINER CUSTOM | : | |
| CHASSIS/ALLIANCE, WARRANTY | : | |
| DEPT.; CATERPILLAR INC. ENGINE | : | |
| DIVISION; ALLISON TRANSMISSION; | : | |
| MEYERS CAMPERS, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant Allison Transmission's Motion for Summary Judgment, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

BY THE COURT:

_____
, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES M. DESIDERIO, JR., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>WINNEBAGO INDUSTRIES; :<br>FREIGHTLINER CUSTOM CHASSIS; :<br>FREIGHTLINER CUSTOM :<br>CHASSIS/ALLIANCE, WARRANTY :<br>DEPT.; CATERPILLAR INC. ENGINE :<br>DIVISION; ALLISON TRANSMISSION; :<br>MEYERS CAMPERS, :<br>:<br>Defendants. : | **CIVIL ACTION**<br><br>NO. 02-CV-4677 |

**PLAINTIFF'S RESPONSE TO DEFENDANT ALLISON TRANSMISSION'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, James Desiderio, by and through his attorneys, Kimmel & Silverman, P.C., hereby responds to Defendant Allison Transmission's Motion for Summary Judgment:

1. Admitted insofar as the complaint speaks for itself.

2. Admitted.

3. Admitted.

4. Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted only insofar as Plaintiff cannot produce documents pertaining directly to the transmission in the subject vehicle. By way of further response, the lack of any repair documentation pertaining to said transmission does not absolutely show that the transmission was without defect.

    8.    Denied as a conclusion of law.

    9.    Denied as a conclusion of law.

**WHEREFORE**, Plaintiff respectfully requests this Court to deny Defendant Allison Transmission's Motion for Summary Judgment.

                                      Respectfully submitted,
                                      KIMMEL & SILVERMAN, P.C.

By: _____
     LOUIS DOBI, JR.
     Attorney for Plaintiff
     30 East Butler Pike
     Ambler, PA 19002
     (215) 540-8888

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. DESIDERIO, JR., : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| : | **NO. 02-CV-4677** |
| v. : | |
| : | |
| WINNEBAGO INDUSTRIES; : | |
| FREIGHTLINER CUSTOM CHASSIS; : | |
| FREIGHTLINER CUSTOM : | |
| CHASSIS/ALLIANCE, WARRANTY : | |
| DEPT.; CATERPILLAR INC. ENGINE : | |
| DIVISION; ALLISON TRANSMISSION; : | |
| MEYERS CAMPERS, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT ALLISON TRANSMISSION'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff, James Desiderio, by and through his attorneys, Kimmel & Silverman, P.C., hereby responds to Defendant Allison Transmission's Motion for Summary Judgment, and in support of his response, offers the following Memorandum:

**I.     Facts**

Plaintiff brings this action against various defendants, to include Allison Transmission, for violations of the Magnusson-Moss Warranty Improvement Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law based on the sale,

delivery and servicing of his 2001 Winnebago Atasca Horizon Motor Home, which he purchased on September 18, 2001. Due to ongoing and unresolved problems with this vehicle, the plaintiff traded this vehicle in August of 2002, much to his detriment.

## II.   Argument

### A.   Summary judgment Standard

Summary judgment is only appropriate when the pleadings [and the record] show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *Disputes regarding facts that might affect the outcome of the case preclude summary judgment.* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Only where there are no such disputes, will the Court enter summary judgment. See e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548. Of course, the court will make its determination after considering the facts, and reasonable inferences drawn therefrom, in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

### B.   Defendant's Motion for Summary Judgment Must Fail because there is Genuine Issue of Material Fact as to Whether Plaintiff the Transmission in Plaintiff's Vehicle was Defective

While it is true that there are no repair records that directly reflect repairs made to the transmission in the subject vehicle, there is both testimony and documentary evidence to support that, among other things, the vehicle in question was affected by drivability concerns, to include drive train noises. Because the plaintiff was forced to dispose of the subject vehicle due to the many problems he experienced with it, it will be difficult to connect this noise to the transmission. However, a fact finder in this matter may, upon

hearing the proposed testimony, find that the transmission was in fact to blame for the noise.  In short, the mere fact that there were no warranty repairs made to the transmission does not absolutely establish defendant Allison's allegation that its transmission was without defect.

Therefore, if plaintiff's proposed testimony and all reasonable inferences drawn therefrom are viewed in a light most favorable to plaintiff – the non moving party – defendant Allison may be found liable in this matter.  Summary judgment is therefore not appropriate.

## IV. Conclusion

In light of the foregoing, Plaintiff respectfully requests this Court to DENY Defendant's Motion for Summary Judgment.

Respectfully submitted,

By: _____
LOUIS DOBI, JR.
Attorney for Plaintiff
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, PA  19002
(215) 540-8888

Dated: _____

## **VERIFICATION**

LOUIS DOBI, JR., ESQUIRE states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Response to Defendant's Motion for Summary Judgment; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

_____
**LOUIS DOBI, JR., ESQUIRE**
**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I, Louis Dobi, Jr., hereby certify that on this day, May 22, 2003, a true and correct copy of the within Plaintiff's Response to Defendant Allison Transmission's Motion for Summary Judgment has been sent via first-class mail, to the following:

W. Bourne Ruthrauff, Esquire
Beth Carter, Esquire
Bennett, Bricklin & Saltzburg, LLP
1601 Market Street, 16th Floor
Philadelphia, PA 19103


Charles C. Sweedler, Equire
Montgomery McCracken
123 S. Broad Street
Philadelphia, PA 19109


Amanda Trask, Esquire
Kantrowicz & Phillipi, LLC
Suite 4210
Center Square West
1500 Market Street
Philadelphia, PA 19102


Michael B. Pullano, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street
Suite 700
Philadelphia, PA 19103

Wayne Garver, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower, 10th Floor
510 Walnut Street
Philadelphia, PA 19106


_____
Louis Dobi, Jr., Esquire