

ROBERT M. SILVERMAN+*-
CRAIG THOR KIMMEL+-

+ *Member, PA Bar*
* *Member, NJ Bar*
x *Member, DE Bar*
- *Member, NY Bar*

JACQUELINE C. HERRITT+*
ROBERT A. RAPKIN+
VIVIAN BENZ PEIKIN+*
AMY D. COX+*
LOUIS DOBI, JR+*
SHANNON M. RYAN+
LINDSAY D. HOFFMAN+*
BRIAN T. GOLDENFARB*
TAMMY J. SCHMITT+
SUSANNE KIMBERLAND+
TRACY L. HASLETT+
LOUIS DOBI, JR.+
RENEE D. VENEYx
MELISSA A. WEIK+*
JENNIFER R. SEGAL+*

**1-800-LEMON LAW**

www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P  (215) 540-8888
F  (215) 540-8817

| WESTERN PA OFFICE | NEW JERSEY OFFICE | DELAWARE OFFICE |
|---|---|---|
| 210 Grant Street, Suite 202 | 89 Haddon Avenue North | 501 Silverside Road, Suite 118 |
| Pittsburgh, PA 15219 | Haddonfield, NJ 08033 | Wilmington, DE 19809 |
| P (412) 566-1001 | P (856) 429-8334 | P (302) 791-9373 |
| F (412) 566-1005 | F (856) 216-7344 | F (302) 791-9476 |

**PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE**

February 12, 2004

Michael E. Kunz, Esquire, Clerk
United States District Court for the Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   <u>James M. Desiderio, Jr. v. Winnebago Industries, et al.</u>
    **USEDPA No. 02-4677**

Dear Mr. Kunz:

    Enclosed please find an original and one copy of Plaintiff, James M. Desiderio, Jr.'s Motion to Enforce Settlement Agreement.  Also enclosed is a disc containing the Motion.  Kindly file the original with your office and return the copy time stamped to my attention in the enclosed self addressed stamped envelope.

                           Very Truly Yours,

                           Louis Dobi, Jr., Esquire

Enc.   Motion to Enforce Settlement Agreement
cc:    Charles C. Sweedler, Esquire
        Wayne Graver, Esquire
        Amanda R. Trask, Esquire
        Michael B. Pullano, Esquire
        Beth A. Carter, Esquire

IN THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **JAMES M. DESIDERIO, JR.** | : | |
| | : | |
| V. | | DOCKET NO. CV-02-4677 |
| | : | |
| **WINNEBAGO INDUSTRIES** | | |
| AND | : | |
| **FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.** | : | |
| AND | : | |
| **CATERPILLAR, INC., ENGINE DIVISION** | : | |
| AND | | |
| **ALLISON TRANSMISSIONS** | : | |
| AND | | |
| **MEYERS CAMPERS** | : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the within Motion to Enforce Settlement Agreement, it is hereby DIRECTED and ORDERED that Defendant Caterpillar Inc. pay within three (3) business days, to Plaintiff $2,500.00, which Plaintiff is entitled to under the terms of said settlement agreement, and pay an additional $350.00 for the two (2) attorney hours spent preparing the instant motion

BY THE COURT:

_____
J.

IN THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **JAMES M. DESIDERIO, JR.** | : | |
| | : | |
| V. | | DOCKET NO. CV-02-4677 |
| | : | |
| **WINNEBAGO INDUSTRIES** | | |
| AND | : | |
| **FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.** | : | |
| AND | : | |
| **CATERPILLAR, INC., ENGINE DIVISION** | : | |
| AND | | |
| **ALLISON TRANSMISSIONS** | : | |
| AND | | |
| **MEYERS CAMPERS** | : | |

### PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

1. On or about July 15, 2002, Plaintiff commenced this Action seeking damages under the Federal Magnuson Moss Warranty Improvement Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law in the United States District Court for the Eastern District of Pennsylvania.

2. On or about June 16, 2003, the matter was settled between all parties. See confirmation letter dated June 16, 2003, attached hereto as Exhibit "A."

3. This settlement agreement provided that Defendant Winnebago Industries pay Plaintiff $11,500.00, Defendant Caterpillar Inc. pay Plaintiff $2,500.00, and Defendant Freightliner Custom Chassis pay Plaintiff $1,000.00 in exchange for an executed General Release. See Settlement Agreement and General Release, attached hereto as Exhibit "B."

4. The total settlement agreement represented $10,000.00 in damages to Plaintiff and $5,000.00 payable to Plaintiff's counsel for attorney's fees and costs.

5. Plaintiff executed the General Release on or about September 22, 2003, a copy of which was provided to each defendant's respective counsel.

6. On or about October 17, 2003, counsel for Defendant Freightliner forwarded to counsel for Plaintiff a settlement draft in the amount of $1,000.00.

7. On or about January 23, 2004, counsel for Defendant Winnebago forwarded to counsel for Plaintiff a settlement draft in the amount $11,500.00.

8. To date, counsel for Defendant Caterpillar has failed to honor the terms of the settlement agreement reached on June 16, 2003.

9. Plaintiff has fully and completely complied with the terms of the settlement agreement between the parties.

10. Counsel for Plaintiff, and the agents thereof, has made numerous attempts to effect the settlement as agreed to by the Parties.

11. To date, Defendant Caterpillar has failed and continues to fail to comply with its legal obligations under the settlement agreement of June 16, 2003, and Plaintiff remains without satisfaction to which he is entitled under said agreement.

12. Counsel for Defendant Caterpillar has offered no legitimate excuse for Defendant's dilatory conduct.

13. Plaintiff has been and continues to be harmed as a result of Defendant Caterpillar's dilatory conduct.

14. Plaintiff and Plaintiff's counsel have made every diligent effort to resolve this matter without burdening the court with motion practice or re-opening the case, however,

such efforts have been fruitless and the court's intervention is the only available remedy remaining.

15. Plaintiff's counsel has incurred considerable expenses as a result of Defendant Caterpillar's failure to comply with the settlement agreement between the parties.

16. The undersigned spent two (2) hours preparing and drafting the instant motion.

17. Counsel for Plaintiff's hourly billing rate is $175.00 for associates. As this is a statutory fee case, counsel for Plaintiffs' fees and costs expended to enforce settlement are fully compensable. Counsel for Plaintiff is more than reasonable in this regard as she does not seek compensation for the countless hours of support staff time involved to date.

18. Given the clarity of the issues raised herein, Plaintiff respectfully requests that this Honorable Court issue the Order proposed at its earliest convenience or shorten the time for Defendant to file a Response.

**WHEREFORE**, Plaintiff requests this Honorable Court to enforce the settlement of June 16, 2003, by (1) ordering Defendant Caterpillar Inc. to pay Plaintiff $2,500.00, to which Plaintiff is entitled under the terms of said settlement agreement, and (2) ordering Defendant Caterpillar to pay, within three (3) business days, an additional $350.00 for the two (2) attorney hours spent preparing the instant motion.

                    Respectfully submitted,

                    KIMMEL & SILVERMAN, P.C.

                    By_____
                       Louis Dobi, Jr., Esquire
                       Attorney for Plaintiff
                       30 East Butler Pike
                       Ambler, Pennsylvania 19002
                       (215) 540-8888

IN THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **JAMES M. DESIDERIO, JR.** | : | |
| | : | |
| V. | : | **DOCKET NO. CV-02-4677** |
| | : | |
| **WINNEBAGO INDUSTRIES** | | |
| AND | : | |
| **FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.** | : | |
| AND | : | |
| **CATERPILLAR, INC., ENGINE DIVISION** | : | |
| AND | | |
| **ALLISON TRANSMISSIONS** | : | |
| AND | | |
| **MEYERS CAMPERS** | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF
<u>MOTION TO ENFORCE SETTLEMENT</u>**

**I.     Factual Background**

On or about July 15, 2002, Plaintiff commenced Action seeking damages under the Federal Magnuson Moss Warranty Improvement Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law in the United States District Court for the Eastern District of Pennsylvania.

On or about June 16, 2003, the matter was settled between all parties. See Ehibit "A." This settlement agreement provided that Defendant Winnebago Industries pay Plaintiff $11,500.00, Defendant Caterpillar Inc. pay Plaintiff $2,500.00, and Defendant Freightliner Custom Chassis pay Plaintiff $1,000.00 in exchange for an executed General Release. See Exhibit "B."

The total settlement agreement represented $10,000.00 in damages to Plaintiff and $5,000.00 payable to Plaintiff's counsel for attorney's fees and costs. Plaintiff executed the General Release on or about September 22, 2003, a copy of which was provided to each defendant's respective counsel. On or about October 17, 2003, counsel for Defendant Freightliner forwarded to counsel for Plaintiff a settlement draft in the amount of $1,000.00. On or about January 23, 2004, counsel for Defendant Winnebago forwarded to counsel for Plaintiff a settlement draft in the amount $11,500.00. To date, counsel for Defendant Caterpillar has failed to honor the terms of the settlement agreement reached on June 16, 2003.

Plaintiff has fully and completely complied with the terms of the settlement agreement between the parties. Counsel for Plaintiff, and the agents thereof, has made numerous attempts to effect the settlement as agreed to by the Parties. To date, Defendant Caterpillar has failed and continues to fail to comply with its legal obligations under the settlement agreement of June 16, 2003, and Plaintiff remains without satisfaction to which he is entitled under said agreement.

Counsel for Defendant Caterpillar has offered no legitimate excuse for Defendant's dilatory conduct. Plaintiff has been and continues to be harmed as a result of Defendant Caterpillar's dilatory conduct. Plaintiff and Plaintiff's counsel have made every diligent effort to resolve this matter without burdening the court with motion practice or re-opening the case, however, such efforts have been fruitless and the court's intervention is the only available remedy remaining.

Plaintiff's counsel has incurred considerable expenses as a result of Defendant Caterpillar's failure to comply with the settlement agreement between the parties. The

undersigned spent two (2) hours preparing and drafting the instant motion. Counsel for Plaintiff's hourly billing rate is $175.00 for associates. As this is a statutory fee case, counsel for Plaintiffs' fees and costs expended to enforce settlement are fully compensable. Counsel for Plaintiff is more than reasonable in this regard as she does not seek compensation for the countless hours of support staff time involved to date.

**II.     Argument**

A trial court before which a case is pending may enforce a settlement agreement voluntarily undertaken and assented to by the parties. *See Morris v. Gaspero*, 522 F. Supp. 121, 125 (E.D. Pa. 1981). In the instant matter, the parties voluntarily entered into a settlement agreement on June 16, 2003. To date, Defendant Caterpillar Incorporated has failed to abide by the terms of the settlement agreement. Furthermore, Defendant Caterpillar Incorporated has not notified Plaintiff's counsel that they allege that the settlement agreement was reached by fraud, mutual mistake or tortuous conduct, which are the only grounds upon which a party may seek to rescind an otherwise enforceable settlement agreement. *See Greentree Cinemas, Inc. v. Hakim*, 289 Pa. Super. 39, 432 A.2d 1039 (1981).

Motions for enforcement of settlement agreements resemble motions for summary judgment; therefore, courts must employ a similar standard of review. *See Tiernan v. Devoe*, 923 F.2d 1024 (3rd Cir. 1991). In the instant matter, the terms of the settlement agreement are not in dispute. All parties to the instant action agreed to the terms of the settlement agreement on June 13, 2003. Since the settlement agreement, Defendant Caterpillar has not offered any objection either to the terms of the settlement agreement or the language of the General Release to be signed by all parties. In fact, despite

numerous attempts by Plaintiff's counsel to seek Defendant Caterpillar's compliance with the settlement agreement, Defendant Caterpillar has offered no explanation for their failure to comply.

In addition to the enforcement of the settlement agreement, Plaintiff requests that the court award it the attorneys' fees it expended as a result of having to bring this motion. "When a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" the court has discretionary power to ward attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 115 L.Ed. 2d 27, 111 S.Ct. 2123 (1991). It has been held that refusal to abide by the terms of a settlement agreement can constitute bad faith, entitling the wronged party to attorneys' fees. *See Interspiro USA, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488 (D. Del. 1993).

In the present case, Defendant Caterpillar has refused to comply with its obligation to pay Plaintiff $2,500.00 under the terms of the settlement agreement reached on June 13, 2003. As a result, Plaintiff's counsel has incurred additional legal fees attempted to enforce the settlement agreement in a case that settled nearly eight months ago. There is no justification for Defendant Caterpillar's continued failure to abide by the terms of the settlement agreement reached on June 13, 2003. An award of attorneys' fees is reasonable under such circumstances.

### III.     CONCLUSION

WHERFORE, Plaintiff requests this Honorable Court to enforce the settlement agreement of June 13, 2003, by (1) ordering Defendant Caterpillar to pay, within three (3) business days, to Plaintiff $2,500.00, which Plaintiff is entitled to under the terms of the settlement agreement reached between the parties; and (2) ordering Defendant

Caterpillar to pay within three (3) business days, an additional $350.00 for the two attorney hours spent preparing the instant motion.

                                                Respectfully submitted,

                                                KIMMEL & SILVERMAN, P.C.


_____
Louis Dobi, Jr., Esquire
Attorney for Plaintiff

## **V E R I F I C A T I O N**

  Louis Dobi, Jr., states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Motion; that same are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

                       _____
                       Louis Dobi, Jr., Esquire
                       Attorney for Plaintiff

IN THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **JAMES M. DESIDERIO, JR.** | : | |
| V. | : | DOCKET NO. CV-02-4677 |
| | : | |
| **WINNEBAGO INDUSTRIES** | | |
| AND | : | |
| **FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.** | : | |
| AND | : | |
| **CATERPILLAR, INC., ENGINE DIVISION** | : | |
| AND | | |
| **ALLISON TRANSMISSIONS** | : | |
| AND | | |
| **MEYERS CAMPERS** | : | |

**CERTIFICATE OF SERVICE**

     I, Louis Dobi, Jr., Esquire, counsel for Plaintiff, do hereby certify I served all parties with true and correct copies of the foregoing Motion and accompanying brief, by U.S. Mail, postage prepaid, addressed as follows:

Michael B. Pullano, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Charles C. Sweedler, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109

Amanda R. Trask, Esquire
Kantrowitz & Phillippi, LLP
Suite 4210
Centre Square West
1500 Market Street
Philadelphia, PA 19102

Wayne Graver, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
510 Walnut Street
Penn Mutual Tower, 12th Floor
Philadelphia, PA 19106

IN THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

---

| | | |
|---|---|---|
| **JAMES M. DESIDERIO, JR.** | : | |
| V. | : | **DOCKET NO. CV-02-4677** |
| | : | |
| **WINNEBAGO INDUSTRIES** | | |
| AND | : | |
| **FREIGHTLINER CUSTOM CHASSIS/ALLIANCE, WARRANTY DEPT.** | : | |
| AND | : | |
| **CATERPILLAR, INC., ENGINE DIVISION** | : | |
| AND | : | |
| **ALLISON TRANSMISSIONS** | : | |
| AND | | |
| **MEYERS CAMPERS** | : | |

**CERTIFICATE OF SERVICE, CONTINUED**

Beth A. Carter, Esquire
Bennett, Bricklin & Saltzburg, LLP
1601 Market Street, 16th Floor
Philadelphia, PA 19103

                                                  Respectfully submitted,

                                                  KIMMEL & SILVERMAN, P.C.

                                                  By: _____
                                                      Louis Dobi, Jr., Esquire
                                                      Attorney for Plaintiff
                                                      30 East Butler Pike
                                                      Ambler, Pennsylvania 19002
                                                      (215) 540-8888

Date:_____